

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2007

# USA v. Oatman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2097

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Oatman" (2007). *2007 Decisions.* Paper 392.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/392

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2097
_____

UNITED STATES OF AMERICA

vs.

KENNETH  BRENT OATMAN,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 05-CR-00073-4 )
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:  SLOVITER, SMITH and WEIS, Circuit Judges.

(Filed: September 24, 2007)
_____

OPINION
_____

WEIS, Circuit Judge.

   Defendant Kenneth Oatman was convicted by a jury of conspiring to

distribute and possess with the intent to distribute more than 100 kilograms of marijuana

in violation 21 U.S.C. § 846. He was sentenced to 115 months incarceration, four years of supervised release, and received a fine.

On appeal, defendant contends that:

1. The evidence was insufficient to convict him of conspiracy to distribute more than 100 kilograms of marijuana;

2. The District Court erred in holding that he had voluntarily waived his Miranda rights; and

3. The District Court did not properly calculate his criminal history category under the Sentencing Guidelines.

Our review of the record in the light most favorable to the government persuades us that there was adequate evidence to convict Oatman of participation in a drug conspiracy involving more than 100 kilograms of marijuana.

Evidence showed that Oatman became acquainted with co-defendant Ross and several other individuals in Lancaster County, Pennsylvania. The group arranged to buy marijuana from Oatman who lived in Oklahoma and had sources in Texas and Mexico to secure the drug. The Pennsylvania participants drove to Oklahoma and Texas with cash to purchase the marijuana from Oatman and then carried it back to Pennsylvania.

One witness testified that his brother made at least 15 to 20 trips to pick up marijuana from Oatman or from Oatman's source, averaging 50 pounds each trip. This

was more than sufficient evidence from which a jury could conclude that Oatman was involved in a conspiracy to distribute more than 100 kilograms of marijuana.

After defendant was arrested, he was transported by a DEA agent to federal court. On the way, the agent read Oatman his <u>Miranda</u> rights. Oatman nevertheless opened a conversation with the agent and offered to set up drug transactions for him. The district judge denied suppression of the statement, finding that defendant voluntarily, knowingly, and intelligently waived his rights. We conclude that the District Court did not err in that finding.

Defendant has also filed a *pro se* brief asserting that the government failed to establish when the conspiracy took place. He contends that the indictment was improperly amended when the trial court permitted evidence of conduct that occurred before February 2004, the beginning date set out in the indictment. We conclude that there was no prejudicial amendment of the indictment. <u>See</u> <u>United States v. Somers</u>, 496 F.2d 723, 743 (3d Cir. 1974).

Oatman also challenges the sentence, asserting that the trial court miscalculated the applicable Guidelines criminal history category. The government concedes that the District Court should not have applied §§ 4A1.1(d) and (e) because it did not count the misdemeanor convictions under § 4A1.1(a) or (b). According to the government, the end result of this error is that Oatman should have been assigned four criminal history points rather than seven, reducing the applicable sentencing range from

3

92-115 months to 78-97 months. Oatman argues, however, that he should only have been assigned three criminal history points because the District Court also improperly imposed a criminal history point under § 4A1.1(c). We leave it to the District Court to determine the appropriate adjustment.

The judgment of conviction will be affirmed, but the case will be remanded for resentencing.